ROBERT B. CAVERLY, administrator, *vs.* LUMAN E. EASTMAN & others.

Middlesex.    March 23. — May 8, 1886.    W. ALLEN & HOLMES, JJ., absent.    C. ALLEN, J., did not sit.

The heirs of E. brought, with the knowledge of the administrator of E.'s estate, a bill in equity against S. with alternative prayers for damages and for specific performance of an agreement to convey certain real estate. A decree was entered that S. should execute a deed of the same to the heirs within three months, on payment of a certain sum. On the same day, a decree was made by the Probate Court, on the petition of the administrator, licensing him to sell the real estate of E. The only real estate of E. was that which was the subject of the bill in equity. The heirs did not pay S. the amount named in the decree, but brought a bill of review to reverse the judgment rendered in the suit in equity, which bill was dismissed for want of prosecution. *Held,* that the interest of the estate of E. and of his heirs had determined; and that the decree of the Probate Court must be reversed.

APPEAL by Luman E. Eastman, Charles J. Eastman, and Daniel J. Eastman, from a decree of the Probate Court, rendered July 14, 1885, on the petition, filed May 26, 1885, of Robert B. Caverly, administrator, with the will annexed, of the estate of Daniel Eastman, licensing him to sell the whole of the real estate of said Eastman described in the petition, and all the rights and interests which the devisees and heirs of said deceased have in the same.

The case was heard by *Field,* J., who reported it for the consideration of the full court, in substance as follows:

Daniel Eastman died on June 5, 1879. There remains unpaid a legacy given by the will of said Eastman to his son Martin V. B. Eastman of $400, and the charges of administration, which amount to a large sum; and there is nothing to pay them with except the property described in the petition for license to sell. By the seventh article of his will Daniel Eastman directed "that the residue of my personal estate, if any, after payment of the above several legacies and bequests, shall be divided between the several children of my son Ebenezer S. Eastman, share and share alike." Ebenezer S. Eastman died soon after Daniel Eastman, leaving as his children Luman E. Eastman, Mary E. Eastman, Harvey J. Eastman, Daniel J. Eastman, and Charles J. Eastman, of whom the appellants are three. The appellants claim an interest in the property described in the

petition, under the seventh article of the will of Daniel Eastman. The petitioner desires leave to sell the rights which Daniel Eastman died possessed of in certain real estate under a bond from Benjamin F. Simpson, which bond is described in *Caverly* v. *Simpson*, 132 Mass. 462. The bill in equity there reported was dismissed on March 2, 1882. Subsequently, the five children of Ebenezer S. Eastman with Martin V. B. Eastman brought a bill in equity with alternative prayers for damages for the breach of the same bond, and for specific performance, against Benjamin F. Simpson, which on his death was defended by Elizabeth Simpson, executrix of his will, and this case is reported in 139 Mass. 348, and may be referred to. The final decree in the latter case was entered on July 14, 1885, and by it the defendant was ordered, within three months from that date, to execute a conveyance of the estate to the five plaintiffs first named, upon payment of the sum of $9887.18. The plaintiffs did not pay or tender the sum prescribed by this decree to Mrs. Simpson within three months of the date of it, or at any time.

The charges of administration of the estate of Daniel Eastman are largely due to Mr. Caverly for money disbursed by him, and for professional services in the conduct of the suits mentioned, and other suits. The children of Ebenezer S. Eastman are poor; and, if the property is sold, the proceeds will be used to pay the legacy of M. V. B. Eastman and the charges of administration, and they will probably receive nothing, although the property is worth something more than the amount which, by the decree, these persons were to pay Mrs. Simpson.*

Such decree was to be entered as justice might require.

*R. B. Caverly*, pro se.

*C. G. Saunders & F. W. Qua*, for the defendant, were not called upon.

FIELD, J. The petition for leave to file a bill of review, and the bill of review brought to reverse the final decree entered

---

* A petition for leave to file a bill of review, and a bill of review brought to reverse the final decree entered in the suit of Eastman against Simpson, above referred to, and to have a decree entered for damages, were dismissed by a single justice of this court. Appeals were taken, and the cases were entered on the docket of the full court. On March 23, 1886, both appeals were dismissed for want of prosecution.

in the suit of Luman J. Eastman and others against Elizabeth Simpson, executrix, having both been dismissed, and the appeals to the full court from the decrees dismissing these proceedings having also been dismissed, it follows that, by the lapse of time, all the interest of the estate of Daniel Eastman, and of all persons who claim under his will, in the bond and in the real estate therein described has determined; and, whether the decree of the Probate Court authorizing the petitioner to sell said real estate was right or not on the facts as they existed when that decree was entered, the decree must now be reversed, and the cause remitted to the Probate Court with directions to dismiss the petition.                                *So ordered.*